# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| JESUS QUINTERO-FELIX,<br><br>    Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | No. C14-3029-MWB<br>No. CR12-3002-MWB<br><br>ORDER REGARDING<br>PETITIONER'S MOTION TO DEEM<br>ALLEGATIONS ADMITTED |

_____

   This case is before the court on petitioner Jesus Quintero-Felix's Motion to Deem Allegations Admitted (docket no. 5). Quintero-Felix claims respondent's answer to his Motion To Vacate Sentence and Judgment Pursuant to 28 U.S.C. § 2255 does not comply with Rule 5(b) of the Rules Governing Section 2255 Proceedings nor with Federal Rules of Civil Procedure. Quintero-Felix argues that respondent is required to admit or deny each factual allegation in his motion. Quintero-Felix cites scant authority to support his position except three cases construing Rule 5 of the Rules Governing Section 2254 Cases. Respondent filed a timely resistance to Quintero-Felix's Motion to Deem Allegations Admitted. Respondent asserts that its answer denying the allegation of ineffective assistance of counsel satisfies the Rules governing § 2255 actions and Federal Rule of Civil Procedure 12(b). Thus, respondent argues that Federal Rule of Civil Procedure 8(b)(6), which provides the remedy for failing to file a responsive pleading, is inapplicable.

   "The Federal Rules of Civil Procedure govern habeas proceedings unless superseded by the rules governing section 2254 or 2255 cases." *Barnett v. Roper*, 541

F.3d 804, 807 (8th Cir. 2008) (citing FED. R. CIV. P. 81(a)(4)); *see also* Rules Governing § 2255 Proceedings, R. 12 ("The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").

Quintero-Felix challenges the adequacy of respondent's answer to his § 2255 motion, contending that, because that answer failed to comply with Rule 5 of the Rules Governing § 2255 Cases, I should deem admitted all of the factual allegations in Quintero-Felix's § 2255 motion. Both Quintero-Felix's premise and his conclusion are incorrect.

Rule 5(b) of the Rules Governing Section 2255 Proceedings states:

> The answer must address the allegations in the motion. In addition, it must state whether the moving party has used any other federal remedies, including any prior post-conviction motions under these rules or any previous rules, and whether the moving party received an evidentiary hearing.

Rules Governing § 2255 Proceedings, R. 5(b). Quintero-Felix's motion lists as the sole ground for relief "Ineffective Assistance of Counsel." Motion at ¶ 12(A). No supporting facts are alleged in the body of the motion. Instead, the motion directs the reader to "See Memorandum of Law attached hereto." *Id*. Respondent's answer satisfied the requirements of Rule 5(b) because it addressed the allegation of ineffective assistance of counsel by denying that claim; stated that Quintero-Felix has not used any other federal remedies; and stated that Quintero-Felix has not received an evidentiary hearing.

Quintero-Felix's reliance on *Williams v. Calderon*, 52 F.3d 1465 (9th Cir. 1995) is misplaced. *Calderon* did not involve a § 2255 motion, but a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Moreover, the Ninth Circuit Court of Appeals clearly held, in *Calderon*, that an answer need not provide a "fact-by-fact" response to the petition:

> Williams challenges the adequacy of respondent Calderon's answer to his habeas petition, contending that because that answer failed to comply with Rule 5 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, the answer should be stricken and this case returned to the district court for the filing of a new answer. We disagree with both Williams' premise and his conclusion.
>
> When an answer to a petition is ordered pursuant to Rule 4, Rule 5 requires "[t]he answer [to] respond to the allegations of the petition." The purpose of the answer is to frame the issues in dispute, as well as to ferret out unmeritorious petitions. *See* Advisory Committee Notes to Rule 5. Neither Rule 5, nor the Advisory Notes, nor subsequent case law set out any further restrictions on the form of the answer, unlike Federal Rules of Civil Procedure 8(b) and 8(d), which require fact-by-fact responses.
>
> Nothing about Calderon's answer violated Rule 5. The answer responded to the petition on the merits, laying out the state's alternative view of the facts and the law. Nothing in Rule 5 prohibits the form used to frame the legal and factual issues. Moreover, to the extent that the answer failed to adequately frame the issues for the district court, any harm became irrelevant once the district court issued a final decision. If Williams has a grievance, it must be with that decision, not the filings that preceded it.

*Calderon*, 52 F.3d at 1483. Similarly, in another § 2254 case cited by Quintero-Felix, *Ebert v. Clarke*, 320 F.Supp.2d 902, 904 n.4 (D. Neb. 2004), the court concluded that "the respondent in answering would not be required to admit or deny each of the petitioner's factual allegations."

Alternatively, even if I were to conclude that respondent was required to admit or deny each of the factual allegations contained Quintero-Felix's § 2255 motion, respondent has done so. As I previously noted, there are no supporting facts alleged in the body of

3

Quintero-Felix's § 2255 motion. Instead, the motion directs the reader to the attached memorandum of law. Thus, there are no facts in the body of Quintero-Felix's § 2255 motion for respondent to address in its answer. Accordingly, Quintero-Felix's motion is denied.

**IT IS SO ORDERED**.
**DATED** this 17th day of August, 2015.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA